UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Ave., NW<br>Suite 200<br>Washington, DC 20009<br><br>      Plaintiff,<br><br>  v.<br><br>United States Department of Justice<br>Washington, DC 20530<br><br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.	This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the Office of Legal Counsel ("OLC") of the U.S. Department of Justice ("DOJ").

2.	This lawsuit challenges the failure of OLC to disclose documents in response to EPIC's June 6, 2013, Freedom of Information Act request ("EPIC's Request"). EPIC's Request sought OLC memorandums and opinions concerning the legal authority for the PRISM program. EPIC has filed an administrative appeal and exhausted its administrative remedies. EPIC asks the Court to order immediate disclosure of all responsive records.

**Jurisdiction and Venue**

3.  This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552(a)(6)(C)(i) (2012). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2012). Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) (2012).

**Parties**

4.  Plaintiff EPIC is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC conducts oversight of government activities and policies and analyzes their impact on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a popular Internet site, http://www.epic.org, which contains extensive information on current privacy issues, including documents obtained from federal agencies under the FOIA. EPIC routinely and systematically disseminates information to the public through its website and other media outlets. This Court recognized EPIC's role as a representative of the news media in *EPIC v. Dep't of Defense,* 241 F. Supp. 2d. 5 (D.D.C. 2003).

5.  Defendant OLC is a component of the DOJ, which is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). OLC is headquartered in Washington, D.C.

**FACTS**

**Background**

6.  On June 6, 2013, *The Washington Post* reported that the NSA and FBI "are tapping directly into the central servers of nine leading U.S. internet companies, extracting audio,


video, photographs, e-mails, documents and connection logs that enable analysts to track a person's movements and contacts over time."[1]

7. This program, codenamed PRISM, has reportedly been in operation since 2007.[2]

8. PRISM reportedly allows direct access by the FBI and NSA, in real-time, to data held by Microsoft, Yahoo, Google, Facebook, PalTalk, AOL, Skype, YouTube, and Apple.[3]

9. *The Washington Post* reported that PRISM data accounts for nearly one in seven intelligence reports and has been cited in 1,477 articles in the President's Daily Brief. The program "routinely collects a great deal of American [citizens'] content."[4]

10. According to the same report, in 2008, Congress gave DOJ the authority to seek orders from the Foreign Intelligence Surveillance Court ("FISC") to compel private companies to comply with the PRISM program.[5]

11. PRISM is run by the Special Source Operations division of the NSA.[6]

12. *The Guardian* newspaper reported that PRISM "facilitates extensive, in-depth surveillance on both live communications and stored information… It also opens the possibility of communications made entirely within the U.S. being collected without warrants."[7]

**The Foreign Intelligence Surveillance Act**

13. Paragraphs 1-12 above are hereby incorporated by reference as if set forth fully herein.

---

[1] Barton Gellman and Laura Poitras, *U.S., British intelligence mining data from nine U.S. Internet companies in broad secret program*, WASH. POST, June 6, 2013, http://www.washingtonpost.com/investigations/us-intelligence-mining-data-from-nine-us-internet-companies-in-broad-secret-program/2013/06/06/3a0c0da8-cebf-11e2-8845-d970ccb04497_story.html
[2] *Id*.
[3] *Id.*
[4] *Id*.
[5] *Id.*
[6] *Id.*
[7] Glenn Greenwald and Ewan MacAskill, "NSA Taps in to Internet Giants' Systems to Mine User Data, Secret Files Reveal, THE GUARDIAN, June 6, 2013, http://www.guardian.co.uk/world/2013/jun/06/us-tech-giants-nsa-data.

14. The Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801 *et seq.*, authorizes electronic surveillance of "foreign intelligence information" between "foreign powers" and "agents of foreign powers."

15. The purpose of FISA is to allow the U.S. Intelligence Community to participate in *foreign* – not domestic - intelligence gathering.[8]

16. The purpose of the FISC is to ensure that FISA investigations remain focused on foreign agents, not U.S. persons.[9]

17. For the PRISM program to be lawful, it would have to meet the legal requirements of the FISA.

## OLC Memorandums and Opinions

18. Paragraphs 1-17 above are hereby incorporated by reference as if set forth fully herein.

19. OLC definitively interprets the law for the Executive Branch. Its legal opinions are binding on all federal agencies.[10]

20. OLC "drafts legal opinions of the Attorney General and also provides its own written opinions and oral advice" in response to Executive branch requests.[11]

21. It would be OLC's responsibility to draft legal memorandums and opinions interpreting the legality of the PRISM program under the Fourth Amendment, FISA, and other statutes. To the extent that the FBI and NSA may access the electronic communications of U.S.

---

[8] "This legislation is in large measure a response to the revelations that warrantless electronic surveillance in the name of national security has been seriously abused." S. Rep. No. 95-604(I) at 7 (1977), *reprinted in* 1978 U.S.C.A.A.N. 3904, 3908.
[9] "Congress enacted the Foreign Intelligence Surveillance Act (FISA) to authorize and regulate certain governmental electronic surveillance of communications for foreign intelligence purposes. … In FISA, Congress authorized judges of the Foreign Intelligence Surveillance Court (FISC) to zpprove electronic surveillance for foreign intelligence purposes." *Clapper v. Amnesty International USA*, 133 S.Ct. 1138, 1143 (2013).
[10] *See* 28 C.F.R. § 0.25 (2012).
[11] U.S. Dep't of Justice, Off. of Legal Counsel, http://www.justice.gov/olc (March 2013).

persons using U.S. internet service providers, it would be the responsibility of OLC to interpret the legality of those actions.

## EPIC's FOIA Request

22. Paragraphs 1-21 above are hereby incorporated by reference as if set forth fully herein.

23. On June 6, 2013, the day the *Washington Post* reported on the existence of PRISM, EPIC transmitted, via facsimile, a FOIA request to OLC's FOIA Office, seeking records regarding the legal authority for the PRISM program ("EPIC's FOIA Request").

24. EPIC's FOIA Request asked for the following agency records: "All final legal analyses, memoranda, and opinions regarding the PRISM program, including, but not limited to, records addressing the Foreign Intelligence Surveillance Act, 50 U.S.C. §§ 1801 *et seq.*, and the Fourth Amendment to the U.S. Constitution."

25. In EPIC's FOIA Request, EPIC also sought "News Media" fee status as a "representative of the news media" under 5 U.S.C. § 552(4)(A)(ii).

26. In EPIC's FOIA Request, EPIC further sought waiver of all duplication fees in accordance with 5 U.S.C. § 552(4)(A), because disclosure of the records requested will contribute significantly to public understanding of the operations or activities of the government.

27. In EPIC's FOIA Request, EPIC also requested expedited processing because it was made by "a person primarily engaged in disseminating information…" and because it pertains to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II) (2008); *Al-Fayed v. CIA*, 254 F.3d 300, 306 (D.C. Cir. 2001). Specifically, EPIC noted that there is a particular urgency to

inform the public about the legal authority of law enforcement to obtain the content of electronic communications from any U.S. person using Internet and online service providers.

28. On June 17, 2013, EPIC received a letter from OLC, signed by John E. Bies, Deputy Assistant Attorney General, by mail. The letter, dated June 14, 2013, confirmed receipt of EPIC's Request and assigned EPIC's Request the tracking number FY13-055. The agency notified EPIC in the letter that OLC had not yet made a determination about EPIC's request for fee waiver. The agency also notified EPIC that expedited processing had been granted.

### EPIC's Administrative Appeal

29. Paragraphs 1-28 above are hereby incorporated by reference as if set forth fully herein.

30. On August 1, 2013 EPIC filed an administrative appeal with OLC ("EPIC's Administrative Appeal") for a failure to make a timely determination under the FOIA.

31. At the time of EPIC's Administrative Appeal, 40 business days had elapsed since EPIC's FOIA Request was submitted, and 33 business days had passed since EPIC's receipt of OLC's letter.

32. In EPIC's Administrative Appeal, EPIC restated its request for "news media" status for fee waiver purposes. EPIC also restated its request that any duplication fees should be waived because the subject of the request will "contribute significantly to the public understating of the operations or activities of the government."

### OIP's Response to EPIC's Administrative Appeal

33. Paragraphs 1-32 above are hereby incorporated by reference as if set forth fully herein.

34. On September 26, 2013, the Office of Information Policy ("OIP") responded to EPIC's Administrative Appeal by email ("OIP Response"). The email was signed by Christina D. Troiani, Attorney-Advisor, Administrative Appeals Staff, on behalf of Sean R. O'Neill, Chief, Administrative Appeals Staff.

35. In the OIP Response, the agency confirmed receipt of EPIC's Administrative Appeal, and assigned the Appeal tracking number AP-2013-04956.

36. In the OIP Response, the agency stated, "As no adverse determination has yet been made by OLC, there is no action for this Office to consider on appeal."

37. OIP further stated, "I can assure you that this Office has contacted OLC and has been advised that your request is currently being processed."

38. Through the date of this pleading, OLC has failed to produce any documents in response to EPIC's FOIA request.

## EPIC has Constructively Exhausted its Administrative Remedies

39. Paragraphs 1-38 above are hereby incorporated by reference as if set forth fully herein.

40. It has been 118 business days since EPIC's FOIA Request was submitted to OLC, and 40 business days since OIP responded to EPIC's FOIA Appeal.

41. OLC has failed to respond to EPIC's FOIA Request within the twenty-day time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) (2012).

42. OLC's failure to respond within the twenty-day statutory limit constitutes a constructive denial of EPIC's request.

**Count I**
**Violation of FOIA: Failure to Comply With Statutory Deadlines**

43. Paragraphs 1-42 above are hereby incorporated by reference as if set forth fully herein.

44. As described above, Defendant OLC's failure to respond to EPIC's Request violated the statutory deadline imposed by the FOIA set forth in 5 U.S.C. § 552 (a)(6)(A)(ii).

45. EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(4)(B).

46. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Count II**
**Violation of FOIA: Unlawful Withholding of Agency Records**

47. Paragraphs 1-46 above are hereby incorporated by reference as if set forth fully herein.

48. As described above, OLC has failed to comply with statutory deadlines and failed to make responsive records available to EPIC.

49. As a result of OLC's unlawful delay, the agency has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

50. EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(4)(B).

51. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

A. order Defendant to promptly disclose to Plaintiff responsive agency records;

B. order Defendant to file, within 14 days of the date of the Court's Order in this matter, a *Vaughn* index, *i.e.* an affidavit: 1) identifying each document withheld from disclosure; 2) stating defendant's claimed statutory exemption as to each withheld document (or portion of a document); and 3) explaining why each withheld document is exempt from disclosure;

C. award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2010); and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

By: ___/s/ Marc Rotenberg_____

Marc Rotenberg, D.C. Bar # 422825
Alan Butler, D.C. Bar # 1012128
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: November 22, 2013